IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON A. HIGHTOWER,

    Plaintiff,

v.

CITY OF COLUMBUS, et al.,

    Defendants.

Case No. 2:12-cv-437
Judge Gregory L. Frost
Magistrate Judge Kemp

### ORDER

This matter is before the Court on Plaintiff's motion in limine to exclude at trial the testimony of Defendants' expert, Sergeant Matthew Weekely.  (ECF No. 99.)  The Court **DENIES** Plaintiff's motion.

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  Courts, however, are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

This is case brought under 42 U.S.C. § 1983, alleging that Defendant police officers used excessive force in their apprehension of Plaintiff. Defendants have offered Columbus police Sergeant Matthew Weekley as an expert witness. Sgt. Weekley has opined in his expert report and in his deposition testimony that the individual Defendants did not utilize unreasonable force. Plaintiff asks the Court to exclude this testimony as unreliable under Fed. R. Evid. 702 because, in reaching it, Sgt. Weekley "accepted as fact everything the individual defendants said occurred." (Pl.'s Mot. In Limine, ECF NO. 99 at PageID# 2174.) Plaintiff complains that Sgt. Weekley did not take into account the testimony of a third-party witness that Plaintiff "was not resisting arrest" (*id.* at PageID# 2173) and that Sgt. Weekley's expert report relied on definitions of terms that were not his own and "were prepared with some assistance by the City of Columbus attorney" (*id.* at PageID# 2175).

Fed. R. Evid. 702 requires that (1) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact, (2) the testimony is based on sufficient facts and data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case. *Ross v. Am. Red Cross*, No. 2:09-cv-905, 2012 WL 1656995, at *5 (S.D. Ohio May 10, 2012). Notwithstanding Plaintiff's arguments that Sgt. Weekley's opinion does not satisfy these prerequisites, the Court finds no basis to issue an order in limine that would preclude Sgt. Weekley from testifying.

Plaintiff's gripe with Sgt. Weekley's opinion as that they are not based on valid assumptions as to the facts. But his assumptions are supported by evidence in the record, namely, the individual officers' firsthand accounts of the incident at issue. The question of the credibility of the expert assumptions goes to the weight of the evidence, not its reliability or admissibility. *Aetna Inc. v. Express Scripts, Inc*., 261 F.R.D. 72, 82 (E.D. Pa. 2009) ("[T]o the extent that there are facts in dispute which [the expert] should or should not have relied upon…a jury will be given the opportunity…[to assess] each of the parties' respective expert damages witnesses.") Plaintiff's issues with Sgt. Weekley's opinion go to the weight of Sgt. Weekley's testimony, not its admissibility.

For these reasons, the Court **DENIES** Plaintiff's motion in limine (ECF No. 99).

**IT IS SO ORDERED.**

                                            **/s/ Gregory L. Frost**
                                            **GREGORY L. FROST**
                                            **UNITED STATES DISTRICT JUDGE**